Kyle *et al. v.* Peoples Bank & Trust Co.

(Division B. March 27, 1939.)

[187 So. 534. No. 33631.]

**J. H. Brown,** of Fulton, and **J. W. P. Boggan,** of Tupelo, for appellants.

**C. R. Bolton,** of Tupelo, for appellee.

Briefs of Counsel not found.

**Anderson, J.,** delivered the opinion of the court.

There is involved in this case the title to 40 acres of land in Itawamba County. The bank claims title through a deed of trust foreclosure, which deed of trust was executed by Kyle. The latter claims that the deed of trust was void, and, therefore, the foreclosure sale was void upon the ground that he was a homestead exemptionist at the time of its execution, and the 40 acres of land was a part of his homestead, and his wife did not join in its execution, which was indispensable to its validity under

Section 1778, Code of 1930. The question therefore is whether or not at the time of the execution of the deed of trust the 40 acres of land was a part of Kyle's homestead.

There were two deeds of trust in favor of the bank; the first one was executed March 15, 1927, and renewed in 1932. In both of the deeds of trust it was stipulated that the 40 acres constituted no part of the homestead. About a month before the execution of the 1927 deed of trust, Kyle owned 205 acres of land in three disconnected tracts; one of 110 acres on which he resided with his wife and children as a homestead; the 40 acres here involved situated about one-half mile south of the home place, and 55 acres located about one-half mile east of the home place. At that time he sold the 55 acre tract to one J. L. McMillen, but the conveyance was not filed for record until the 5th day of November, 1927. We do not think, however, that fact has any material bearing on the question involved. Was the 40 acres about a half mile south of the home tract a part of the homestead? Was it used and occupied as such? The evidence showed without conflict that the value of the 110 acres and the 40 acres together was less than $3000. The question was one of fact. There was evidence for and against the claim that the 40 acres was used and occupied as a part of the homestead. The chancellor found that it was not, and we think he was justified in so finding from the evidence. It is true, as argued on behalf of Kyle, that the stipulation in the deeds of trust that the 40 acres was no part of the homestead was not binding on him, nevertheless, it was a declaration against interest, which the chancellor should have considered, and doubtless did consider, along with the other evidence in determining the question.

Affirmed.